UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHOADS INDUSTRIES, INC.,<br>1117 Admiral Peary Way, Quarters M<br>Philadelphia PA 19112,<br><br>　　　　　Plaintiff<br><br>　　v.<br><br>MORAN TOWING CORPORATION d/b/a/<br>MORAN PHILADELPHIA<br>50 Locust Ave.<br>New Canaan, CT 06840,<br><br>　　　　　Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED<br><br>COMPLAINT |

Plaintiff Rhoads Industries, Inc., a Pennsylvania corporation, ("Rhoads"), by and through its undersigned counsel, brings this Complaint against Moran Towing Corporation d/b/a Moran Philadelphia ("Moran") for its negligent, grossly negligent, and/or reckless conduct and in support thereof, avers as follows:

## NATURE OF THE SUIT

1. On November 9, 2012, a Moran tugboat operator twice drove Rhoads's Wiley 50 ton floating barge crane, Serial No. YD 209 ("Floating Barge Crane") into the U.S.S. John Fitzgerald Kennedy, a decommissioned aircraft carrier berthed at the Philadelphia Naval Yard on the Delaware River, causing significant damage to both. The weather and water conditions were ideal or close to it, and the only reason for the collisions was the poor planning and execution of the move by Defendant, including inattention of Moran's tugboat operator to the clearances required by the Floating Barge Crane. There was no reason for Moran to have

moved the Floating Barge Crane anywhere near the U.S.S. John Fitzgerald Kennedy and to have done so was, at a minimum, extreme carelessness.

2. Rhoads now brings this action against Moran asserting that Moran's negligent, grossly negligent, and/or reckless conduct described in detail below caused extensive damage to the Floating Barge Crane as well as a material loss of revenue as a result of the inoperability of the Floating Barge Crane due to the damage caused by Moran. Moran's negligent, grossly negligent, and /or reckless conduct also subjected Rhoads to a claim against it by the U.S. Navy for damage to its vessel, the U.S.S. John Fitzgerald Kennedy.

## PARTIES

3. Plaintiff Rhoads Industries, Inc. is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia County.

4. Defendant Moran Towing Corporation is a New York corporation with its only principal place of business in New Canaan, Connecticut. Moran Philadelphia is an unincorporated division of Moran Towing Corporation.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this civil action pursuant to 46 U.S.C. § 30101 et seq. and Rule 9 of the Federal Rules of Civil Procedure as the incident that is the subject of this Complaint took place on navigable waters and there is a significant connection with traditional maritime activity.

6. In the alternative, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity between plaintiff and defendant and the amount in controversy exceeds $75,000.

7.      Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and (c)(2) because the events giving rise to the claim occurred in this District and Moran is subject to this Court's personal jurisdiction and, therefore, is deemed to reside in this District.

## FACTUAL BACKGROUND

8.      Rhoads is the successor lessee of the Floating Barge Crane under a November 3, 2010 lease with the Philadelphia Authority for Industrial Development ("Lease"). The Lease provides that the lessee, at the lessee's sole cost, is responsible to perform all work, maintenance and repairs on the Floating Barge Crane for it to be functional and maintained in the condition it was in at the time the Lease was executed. At the time the Lease was executed, the Floating Barge Crane was functional and was used by various Rhoads companies in their maritime-related business.

9.      The Floating Barge Crane is a large crane mounted on an engineless floating platform, and is capable of lifting up to 50 tons of construction materials and equipment at a time. The barge platform is 144 feet long. Its beam is 64 feet. The barge platform draws 10.6 feet. The crane is 130 feet long.

10.     On November 8, 2012, Rhoads asked Moran to move the Floating Barge Crane from the Sea Wall at Pier 5 to the starboard side of the U.S.S. Thomas Gates, a Navy ship berthed on the east side of Pier 5 of the Philadelphia Naval Shipyard.

11.     Rhoads and Moran did not enter into a written contract to move the Floating Barge Crane. Rather, Rhoads and Moran agreed over the telephone that Rhoads would pay Moran a fee of $500 per hour to move the Floating Barge Crane.

12.     On the morning of November 9, 2012, a Moran tug pilot brought the Tug Cape Cod ("Moran Tug") to Pier 5 to move the Floating Barge Crane. At approximately 7:45 AM, the Floating Barge Crane was cast off and handed over to the Moran Tug pilot.

13.     Visibility was good and winds were calm.

14. Ten minutes after Moran took control of the Floating Barge Crane, its tug pilot drove the main mast of the Floating Barge Crane into the forward port side harpoon sponson of the U.S.S. John Fitzgerald Kennedy, first making contact with the access ladder on the Floating Crane Barge crane boom, and then continuing aft toward the main support structure of the boom, causing damage to both.

15. After the initial impact, the Moran Tug pilot increased the engine speed of the Moran Tug, causing a second impact with U.S.S. John Fitzgerald Kennedy and doing greater damage to both the Floating Barge Crane and the harpoon sponson on the U.S.S. John Fitzgerald Kennedy.

16. The only reason for the two collisions was the poor planning and execution of the move by Moran, including inattention of Moran's tugboat operator to the clearances required by the Floating Barge Crane. There was no reason for Moran to have moved the Floating Barge Crane anywhere near the U.S.S. John Fitzgerald Kennedy and to have done so was, at a minimum, extreme carelessness.

17. The Floating Barge Crane has been inoperable, non-functional and out of service since the date of the incident described in this Complaint.

18. The cost of repairing the damage to the Floating Barge Crane is estimated to be in excess of $1,000,000.

19. Rhoads has been unable to accept work available to it as a result of its inability to use the Floating Barge Crane, and has therefore suffered a significant loss of revenue as a result of Moran's conduct. For example, the Floating Barge Crane enabled Rhoads to provide crane services on the outboard side of vessels under repair at Rhoads Pier 5, in locations inaccessible to the Pier 5 Portal Cranes. In addition, the Floating Barge Crane provided the only shipyard crane service at Rhoads' Pier 2. Without the Floating Barge Crane, Rhoads cannot provide any crane services on Pier 2.

20. Although the U.S. Navy has begun an investigation and assessment of the damage to U.S.S. John Fitzgerald Kennedy, the Navy has not yet presented Rhoads with an itemized claim or an estimate of the damage to its carrier.

21. Additionally, as a result of the negligent and reckless acts of Moran, Keon Jones, a Rhoads employee, was injured as he attempted to flee falling debris.

## COUNT I

## NEGLIGENCE

22. Rhoads incorporates by reference paragraphs 1 through 21 above as if set forth herein.

23. Whether under admiralty or Pennsylvania law, Moran had a duty to plan and execute its move of Rhoads's Floating Barge Crane with sufficient care, including with respect to the clearances required by the Floating Barge Crane, as not to needlessly drive it twice into the U.S.S. John Fitzgerald Kennedy, causing damage to both.

24. Moran's failure to plan and execute its move of Rhoads's Floating Barge Crane with sufficient care as not to needlessly drive it twice into the U.S.S. John Fitzgerald Kennedy, including its inattention to the clearances required by the Floating Barge Crane, was negligent, grossly negligent, and/or reckless.

25. Moran's negligent, grossly negligent, and/or reckless conduct directly resulted in property damage to the Floating Barge Crane estimated to be greater than $1 million.

26. Moran's negligent, grossly negligent and/or reckless conduct has directly caused and is continuing to cause substantial losses of revenue to Rhoads due to the inability to use the Floating Barge Crane.

## REQUEST FOR RELIEF

WHEREFORE, Rhoads respectfully requests that this Honorable Court enter judgment in its favor and against Moran as follows:

    A.    Compensatory damages;

    B.    Special damages, including consequential damages;

    C.    Reasonable attorneys' fees and costs incurred by Rhoads;

    D.    Punitive damages; and

    E.    Any other and further relief that this Court deems just and proper under the circumstances.

David Smith (Pa. I.D. 21480)
Theresa E. Loscalzo (Pa. I.D. No. 52031)
Monica C. Platt (Pa. I.D. No. 311445)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
Telephone: 215-751-2000
Facsimile: 215-751-2205

Attorneys for Plaintiff, Rhoads Industries, Inc.

Dated: November 3, 2014